1  Scott J. Tepper (SB # 51693)
   scottjtepper@msn.com
2  GARFIELD & TEPPER
   A Partnership of Professional Corporations
3  11333 Iowa Avenue
   Los Angeles, California  90025-4214
4  Tel.: (310) 277-1981 ● Fax: (818) 225-5350

5  Attorneys for Appellee Gary Gorham

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                         SOUTHERN DIVISION

10

11 In re                        )  Dist. Ct. Case No. 2:17-cv-08377-DOC
                                 )
12 MARK ELIAS CRONE,            )
                                 )  Case No. 2:17-bk-12392-BR
13                               )
                                 )  Chapter 7
14                               )
                   Debtor.       )  Bankruptcy Judge Barry Russell
15                               )
                                 )  Adv. No. 2:17-ap-01289-BR
16 ─────────────────────────    )
                                 )  NOTICE OF MOTION AND MOTION
17 JEFFREY A. RINDE and CKR      )  FOR APPELLATE ATTORNEY'S FEES
   GLOBAL ADVISORS, INC.,        )  AND COSTS IN THE TOTAL AMOUNT
18                               )  OF $44,047 BY APPELLEE GARY
                                 )  GORHAM; MEMORANDUM OF POINTS
19              Appellants,      )  AND AUTHORITIES; DECLARATION
                                 )  OF SCOTT J. TEPPER
20 v.                            )
                                 )  Appeal Assigned to Judge David O. Carter
21                               )
   GARY GORHAM.                  )
22                               )  Hearing Date:        September 10, 2018
                                 )  Time:                      8:30 a.m.
23              Appellee.        )  Place:           Courtroom 9D
                                 )
24 ─────────────────────────    )

25 TO APPELLANTS JEFFREY A. RINDE AND CKR GLOBAL ADVISORS, INC.,

26 AND THEIR ATTORNEYS OF RECORD:

27        Please take notice, hereby given, that on September 10, 2018 at 8:30 a.m., or

28 as soon thereafter as counsel may be heard, in Courtroom 9D located in the Ronald

                                    1

Reagan Federal Building, United States Courthouse, 411 West Fourth Street, Ninth Floor, Santa Ana, CA 92701, appellee Gary Gorham will and he hereby does move the Court for an order awarding him his incurred and anticipated appellate attorney's fees in the sum of $43,745 and his appellate costs in the sum of $302.

This motion is categorically exempt from the conference of counsel requirements of Local Rule 7-3 under Local Rule 16-12(e). Nevertheless, prior to the filing of this motion, undersigned counsel contacted counsel for appellants on August 1, 2018 and outlined appellee's position in detail in an email. Thereafter counsel for the parties briefly conferred but were unable to resolve the matter. (See Declaration of Scott J. Tepper, ¶ 9.)

Appellee's motion is supported by the annexed Memorandum of Points and Authorities and Declaration of Scott J. Tepper.

Dated: August 6, 2018

GARFIELD & TEPPER
A Partnership of Professional Corporations

By:  _/s/ Scott J. Tepper_
    Scott J. Tepper
   Attorneys for Appellee Gary Gorham

# TABLE OF CONTENTS

MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

    Federal Court Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

    State Court Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

    Statutes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

    Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

    Other Publications. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . 3

    I      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    II     THE UNDERLYING LAWSUIT . . . . . . . . . . . . . . . . . . . . . . . . . 3

    III    APPELLEE GORHAM HAS INCURRED ADDITIONAL
           SUBSTANTIAL ATTORNEY'S FEES ON APPEAL . . . . . . . . . . . 5

    IV    A DEFENDANT WHO PREVAILS ON A SPECIAL MOTION
           TO STRIKE IS ENTITLED TO HIS APPELLATE FEES
           WHEN PLAINTIFF DISMISSES THE APPEAL THEREOF . . . . . . 5

          A.    California Case Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

          B.    Ninth Circuit Case Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

          C.    Other Federal Authority . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    V      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

DECLARATION OF SCOTT J. TEPPER . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

i

Federal Court Cases

*All American Distributing Co., Inc. v. Miller Brewing Co.,*
    736 F.2d 530 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Margulin v. CHS Acquisition Corp.,*
    889 F.2d 122 (7th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Zenith Ins. Co. v. Breslaw,*
    108 F.3d 205 (9th Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

State Court Cases

*Equilon Enterprises v. Consumer Cause, Inc.*
    (2002) 29 Cal.4th 53 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Serrano v. Unruh*
    (1982) 32 Cal.3d 621 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Wilkerson v. Sullivan*
    (2002) 99 Cal.App.4th 443 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statutes

California Civil Code § 47(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

California C.C.P. § 425.16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 6, 7

42 U.S.C. § 1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Rules

FRBP 7012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Rule 11, F.R.Civ.P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Rule 12(b)(6), F.R.Civ.P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Rule 54(d), F.R.Civ.P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Other Publications

James W. Devine, "Rule 11's Big-Mouthed Little Brother: How
    a Federal Anti-SLAPP Statute Would Reproduce Rule 11's
    Growing Pains," 9 AVE MARIA L. REV. 367 (2011) . . . . . . . . . . . . . . . . . 8

J. Reid Mowrer, "Protection of the Public Against Litigious Suit
    ('PPALS'): Using 1993 Federal Rule 11 to Turn SLAPPs
    Around," 38 NAT. RESOURCES J. 465 (1998) . . . . . . . . . . . . . . . . . . . . . . 8

"SLAPP," THE CENTER FOR MEDIA AND DEMOCRACY'S SOURCE WATCH,
    https://www.sourcewatch.org/index.php/SLAPP . . . . . . . . . . . . . . . . . . . . . 3

Kathryn W. Tate, "California's Anti-SLAPP Legislation: A Summary of
    and Commentary on Its Operation and Scope,"
    33  LOY. L.A. L. REV. 801 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Appellee Gary Gorham seeks his appellate attorney's fees and costs upon appellants' voluntary dismissal of the appeal they initiated on November 16, 2017.

While the appeal was never briefed, appellants put appellee through months of fruitless settlement negotiations, generating additional fees and consuming appellee's valuable time. (Mr. Gorham is an attorney as is appellant Jeffrey A. Rinde.)  But that may have been the point, as is often the case in SLAPP actions: make Mr. Gorham spend as much time and money as possible,[1] and then dismiss an unworthy case, in this case a meritless appeal, before appellants had to brief it.

The underlying lawsuit was a state court claim subject to the California anti-SLAPP statute, C.C.P. § 425.16.  Under California precedents, Mr. Gorham is entitled to his appellate attorney's fees and costs.

## II.

## THE UNDERLYING LAWSUIT

The underlying case began in New York State Supreme Court in Manhattan.[2] It alleged a conspiracy in which Mr. Gorham allegedly acted with the wife of his client

---

[1] "SLAPP suits achieve their objectives by forcing defendants to spend huge amounts of time and money defending themselves in court." Quoted from "SLAPP," THE CENTER FOR MEDIA AND DEMOCRACY'S SOURCE WATCH, found at https://www.sourcewatch.org/index.php/SLAPP. (Last accessed on August 5, 2018.) "The enormous damage amounts claimed by SLAPPers can intimidate an unsophisticated defendant, *as can the specter of staggering defense costs*, even though SLAPPers lose eighty to ninety percent of the suits that actually go to trial." (Emphasis added; footnotes omitted.) Kathryn W. Tate, "California's Anti-SLAPP Legislation: A Summary of and Commentary on Its Operation and Scope," 33 LOY. L.A. L. REV. 801, 804 (2000).

[2] The complaint can be found at BK ECF 1-2 in the adversary proceeding case file, case no. 2:17-cv-02468. Reference to documents filed in the adversary proceeding are denoted by "BK ECF" and the document number.

and her lawyer to deprive appellants of a stock certificate they claimed belonged to them. (BK ECF 1-2 at ¶ 1- p. 2; ¶¶ 10 - pp. 5 & 6; ¶ 27 pp. 9 &10; and ¶ 32 - p. 11.) Mr. Gorham's conduct, however, consisted solely of pre-litigation and litigation emails and telephone calls on behalf of his client, Mark Crone (who did not possess the stock certificate).  (See BK ECF 37 at pp. 21-26 and BK ECF 61 at pp. 19-20.)

The state court lawsuit was subject to removal to Federal court because the stock certificate was a potential asset of a bankruptcy estate in a then pending California bankruptcy action, In re Mark Elias Crone, 2:17-bk-12392-BR.  (BK ECF 1, ¶ 7, p. 3.)  So Mr. Gorham initially removed the lawsuit to the District Court for the Southern District of New York, which transferred it to the Bankruptcy Court in the Southern District, where it was finally re-transferred to the Central District of California Bankruptcy Court.  (See BK docket upon transfer, BK ECF 1 through BK ECF 28.)  At every step of the way in this process, the plaintiffs (appellants on this appeal), resisted, sought to remand the action to state court and opposed the transfers. (*Id.*)  All of this conduct, of course, drove up Mr. Gorham's costs.

After the case was transferred to the Central District as an adversary proceeding in the Mark Crone Bankruptcy, Mr. Gorham promptly filed a special motion to strike under C.C.P. § 425.16 (BK ECF 37) and concurrently moved to dismiss it as to him under FRBP 7012 and Rule 12(b)(6), F.R.Civ.P. (BK ECF 39), asserting that all of his conduct was nothing more than pre-litigation and litigation emails and telephone calls which were absolutely privileged under California Civil Code § 47(b), and which were not conduct in support of a "conspiracy" of any kind.  Appellants filed lengthy oppositions and declarations opposing the motions. (BK ECF 53 through BK ECF 56.)

Following a hearing on July 25, 2017, Bankruptcy Judge Barry Russell granted appellee's motion to dismiss and special motion to strike and entered the order of dismissal on August 24, 2017. (BK ECF 72.)  Notably, appellants never appealed the order striking the complaint as a SLAPP and dismissing the adversary proceeding as to Mr. Gorham.

Mr. Gorham filed a motion for attorney's fees on August 9, 2017. (BK ECF 67.) Two hearings were held on the attorney's fees motion, on September 12, 2017 and October 17, 2017, after which Judge Russell awarded appellee Gorham all of the attorney's fees and costs he had sought, the sum of $85,900.32. (BK ECF 91.) It was from that order that appellants appealed. That appeal was ordered dismissed by this Court on July 31, 2018 on appellants' motion (ECF 27 - Motion; ECF 31 - Order).

### III.

### APPELLEE GORHAM HAS INCURRED ADDITIONAL SUBSTANTIAL ATTORNEY'S FEES ON APPEAL

As set forth in the attached declaration of appellee's counsel, and including the time spent on this Motion, appellee's counsel has spent 60.3 hours of time related solely to the appeal. (See Declaration of Scott J. Tepper dated August 5, 2018 attached to this Motion, at ¶ 5.) Undersigned counsel's time was all "reasonably necessary" (*id.,* at ¶ 6), kept concurrently in one tenth of an hour increments and each task was separately itemized rather than "block-billed." (*Id*., at ¶ 4.) Undersigned counsel bills his time at $650 an hour and he attests this is at or below the market rate for attorneys of similar experience and expertise in the Los Angeles area. (*Id*., at ¶ 3)

Estimating that an additional 7 hours will be spent reviewing appellants' anticipated opposition, preparing a reply and then attending the hearing on this Motion in Santa Ana (*id.,* at ¶ 8), appellee seeks a total of $43,745 in fees and $302 in costs (*id*., at ¶ 7) for appellee's appellate fees and costs.

As set forth below, appellee is entitled to this award under California law upon appellants' voluntary dismissal of their appeal.

### IV.

### A DEFENDANT WHO PREVAILS ON A SPECIAL MOTION TO STRIKE IS ENTITLED TO HIS APPELLATE FEES WHEN PLAINTIFF DISMISSES THE APPEAL THEREOF

While undersigned counsel could find no applicable Federal authorities directly

on point, under California law the successful respondent to a voluntarily dismissed appeal of an attorney's fee award in a SLAPP would be entitled to his appellate attorney's fees.  Analogous Federal authorities compel the same conclusion.

## A.   California Case Law

In *Wilkerson v. Sullivan* (2002) 99 Cal.App.4th 443, 445, 447-448 the California Court of Appeal held that attorney's fees must be awarded under California law following the voluntary dismissal of the appeal of an order granting an anti-SLAPP special motion to strike (which order included an award of attorney's fees by the trial court).  The Court of Appeal reasoned (at 99 Cal.App.44th 448)

> The legislative purpose underlying section 425.16 is to alleviate SLAPP suits by requiring a plaintiff to reimburse a prevailing defendant for expenses incurred in extricating himself or herself from a baseless lawsuit. [Citation omitted.] That purpose is not served if the SLAPP plaintiff can file an appeal and require the defendant to incur fees and costs in defense of the appeal, but then avoid any liability for those fees and costs by dismissing the appeal prior to final determination.

Likewise, in California the party successfully defending a fee award on appeal is entitled to additional attorney's fees for doing so.  See, e.g. *Serrano v. Unruh* (1982) 32 Cal.3d 621, 637, holding that attorney's fees must be awarded under California law for successfully defending trial court fee awards on appeal in cases involving fee-shifting statutes.  The anti-SLAPP statute, C.C.P. § 425.16 is, of course, a fee shifting statute.  *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 63-64.

## B.   Ninth Circuit Case Law

The Ninth Circuit cases of *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205 (9th Cir.1997) and *All American Distributing Co., Inc. v. Miller Brewing Co.*, 736 F.2d 530

(9th Cir. 1984) are instructive, if not directly on point.[3/]

*Zenith* held that the voluntary dismissal of a diversity action with prejudice is "tantamount to a judgment on the merits" for purposes of attorneys' fees awards. 108 F.3d at 207.  The *Zenith* Court cited, *inter alia*, *All American Distributing Co., Inc. v. Miller Brewing Co.*, *supra,* 736 F.2d at 532-33, which held that plaintiff's voluntary dismissal of its diversity action after preliminary injunctive relief was denied was a sufficient basis for awarding attorney's fees under Arizona law to the defendant.

By parity of reasoning to *Zenith* and *All American Distributing*, which applied similar substantive and procedural principles, the voluntary dismissal of the appeal of an attorney's fees award of a state court claim brought by plaintiffs and stricken under C.C.P. § 425.16, is a sufficient basis for awarding appellee Gorham his attorney's fees and costs under California law.

## C.     Other Federal Authority

Undersigned counsel has found one additional Federal case which bears on appellee's right to fees upon the dismissal of an appeal in a case involving an appeal of a fee award.

In *Margulin v. CHS Acquisition Corp.* 889 F.2d 122 (7th Cir. 1989), the Seventh Circuit awarded attorney's fees to the appellees upon the voluntary dismissal of plaintiff-appellant's appeal of Rule 11 sanctions imposed by the district court, holding that

> Appellees have prevailed in the defense of their award as
> surely as if this court had decided the case on the merits,
> and they are therefore "presumptively" entitled to an award
> by the district court so that they are made no worse off by
> the appeal.

---

[3/]     The Ninth Circuit in *Zenith* was interpreting Rule 54(d), F.R.Civ.P. and in *All American Distributing* the "prevailing party" under 42 U.S.C. § 1988 and Arizona law.

889 F.2d at 124. Rule 11 sanctions, of course, are "some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation [of the Rule]." Rule 11(c)(B)(2).  While *Margulin* is not directly on all fours with the present case, it is instructive and militates to appellee's right to attorney's fees and costs on the voluntary dismissal of an appeal where attorney's fees were awarded for a successful anti-SLAPP motion.[4]

## V.

## CONCLUSION

Appellee Gorham requests that this Court award him his appellate fees and costs in the amounts of $43,745 and $302 respectively, for a total of $44,047.

Dated: August 6, 2018

GARFIELD & TEPPER
A Partnership of Professional Corporations

By:   */s/ Scott J. Tepper*
Scott J. Tepper
Attorneys for Appellee Gary Gorham

---

[4]  Some commentators have favorably compared the similar goals of anti-SLAPP statutes and Rule 11, F.R.Civ.P.  *See, e.g.*, James W. Devine, "Rule 11's Big-Mouthed Little Brother: How a Federal Anti-SLAPP Statute Would Reproduce Rule 11's Growing Pains," 9 AVE MARIA L. REV.  367 (2011); J. Reid Mowrer, "Protection of the Public Against Litigious Suit ('PPALS'): Using 1993 Federal Rule 11 to Turn SLAPPs Around," 38 NAT. RESOURCES J. 465 (1998).

## DECLARATION OF SCOTT J. TEPPER

Scott J. Tepper declares:

1.      I am a member of the California Bar and appellee Gary Gorham's California attorney in this matter. I make this declaration in support of Mr. Gorham's motion for appellate attorney's fees and costs.

2.      I am a 1971 graduate of Harvard Law School. I was admitted to practice in California in January 1972 and have practiced civil litigation for 46 years. I am a partner in Garfield & Tepper, a firm I co-founded in January 1975. I was also of counsel to Katten Muchin Zavis & Rosenman in that firm's civil litigation and real estate practices from 2002 to 2005.

3.      My current billing rate is $650 an hour. I frequently seek fees in civil litigation matters in Southern California and Los Angeles County and review fee applications filed by others. As a result, I am aware of the current "market rate" for fees in Southern California in complex civil litigation matters. I believe that the fees my firm charges for my time are well within the current "market rate" in Southern California and Los Angeles County for attorneys of my skill and experience.

4.      I keep and bill my time in one tenth of an hour intervals, with time noted for each discrete task on a daily basis. I do not block bill in fee shifting cases. I keep my time on a daily basis.

5.      My time records reflect that I spent 60.3 hours for the following services performed for Mr. Gorham on this appeal, from the date the appeal was filed through the date of the preparation of this motion, as follows:

November 16, 2017  Review notice of appeal, notice of referral to U.S. district court judge, notice regarding appeal from clerk (0.5 hrs), phone conference with Gary Gorham re ▮▮▮▮▮ (0.3) . . . . . . . . . . . . . .  0.8 hrs

November 17, 2017  Phone conference (0.2) and correspondence with Gary Gorham and Gary Raskin (0.2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  0.4 hrs

November 19, 2017  Correspondence (0.5) and phone conferences with Gary Gorham and Gary Raskin (0.8) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1.3 hrs

9

| Date | Description | Hours |
|---|---|---|
| November 30, 2017 | Review of statement of issues on appeal and designation of the record on appeal (0.9), review notice of transcripts (0.1), correspondence with Gary Gorham and Greg Blue re ▓▓▓▓ (0.2), phone conference with Gary Gorham (0.3), legal research on fees issues under California law (1.5). | 3.0 hrs |
| December 1, 2017 | Receive and review plaintiffs' statement of issues on appeal (DC Dkt. ECF 6 in appellate case) (0.2), phone conference with Gary Gorham (0.2). | 0.4 hrs |
| December 2, 2017 | Receive and review proposed orders to dismiss adversary proceeding from Leo Flangas and related motion (BK Dkt. ECF 105 & 106 in adversary proceeding). | 0.2 hrs |
| December 6, 2017 | Correspondence and phone call with Gary Gorham re ▓▓▓▓ (0.2), correspondence with Greg Blue re ▓▓ (0.2). | 0.4 hrs |
| December 12, 2017 | Receive and review court order to show cause to plaintiffs re dismissing appeal (DC Dkt. ECF 7 in appellate case) (0.1), phone conference with Gary Gorham re ▓▓ (0.3). | 0.4 hrs |
| December 13, 2017 | Receive and review court order re alternate dispute resolution program (DC Dkt. ECF 5 in appellate case) (0.1), phone conference with Gary Gorham re ▓▓ (0.4). | 0.5 hrs |
| December 14, 2017 | Review online notice of availability of transcript 109 in bankruptcy adversary case (0.1), phone conference with Gary Gorham re ▓▓ (0.2). | 0.3 hrs |
| December 15, 2017 | Review court notice of availability of bankruptcy record (DC Dkt. ECF 8 in appellate case) (0.1), court notice of completion of bankruptcy record (DC Dkt. ECF 9 in appellate case) (0.1), review of court order vacating OSC and reinstating appeal (DC Dkt. ECF 10 in appellate case) (0.1), phone conference with Gary Gorham (0.3). | 0.6 hrs |
| December 16, 2017 | Review court notice of briefing schedule on appeal (DC Dkt. ECF 111 in bankruptcy case) | 0.1 hrs |
| December 22, 2017 | Phone conference with Gary Gorham re ▓▓▓▓ | 0.3 hrs. |

| | | |
|---|---|---|
| 1 | January 2, 2018 | Phone conference (0.3) and correspondence with Gary Gorham |
| 2 | | (0.2). . . . . . . . . . . 0.5 hrs |
| 3 | | |
| 4 | January 3, 2018 | Phone conference with Michael Sobkowiak, plaintiffs' counsel, re settlement procedure and stipulation to continue briefing schedule to comply with court order (0.3), correspondence with Gary Gorham re |
| 5 | | |
| 6 | | (0.8) . . . . . . . . . . . . . . . . . . . . . . . . 1.1 hrs |
| 7 | January 4, 2018 | Follow up phone conversation with Michael Sobkowiak to stipulate to dates for briefing and settlement conference with Magistrate Judge (0.2), correspondence and phone conference with Gary Gorham re |
| 8 | | |
| 9 | | (0.4) . . . . . . . . . . . . . . . . . . . . . . . . . 0.6 hrs |
| 10 | January 5, 2018 | Review and revise proposed plaintiffs' stipulation re settlement procedures and briefing schedule (0.3), correspondence with plaintiffs' counsel re same (0.3), correspondence with Gary Gorham re |
| 11 | | |
| 12 | | (0.7) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.3 hrs |
| 13 | January 8, 2018 | Review revised documents to be filed by plaintiffs' counsel (0.2), correspondence with Michael Sobkowiak re same (0.2), correspondence with Gary Gorham and Gary Raskin re |
| 14 | | |
| 15 | | (1.1). . . . . . . . . . . . . . . . . . . . . . . . . . . 1.5 hrs |
| 16 | January 12, 2018 | Review court orders accepting settlement procedures and appointing Magistrate Judge for settlement (DC Dkt. ECF 14 & 15 in appellate case (0.2), correspondence (0.3) and phone call with Gary Gorham (0.3), review Magistrate Judge Standish's bio and local rules) (0.3), correspondence with Michael Sobkowiak re parameters of settlement (0.3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.4 hrs |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | January 16, 2018 | Correspondence with Gary Gorham (0.3), correspondence with opposing counsel for available dates for Magistrate Judge Standish pre setting conference call and client's available dates for settlement (0.2) |
| 22 | | |
| 23 | | .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 0.5 hrs |
| 24 | January 17, 2018 | Correspondence with Gary Gorham (0.1), correspondence with plaintiffs' counsel with additional available dates (0.1) . . . . . 0.2 hrs |
| 25 | | |
| 26 | January 19, 2018 | Correspondence with Michael Sobkowiak . . . . . . . . . . . . . . 0.1 hrs |
| 27 | January 20, 2018 | Correspondence with Gary Gorham. . . . . . . . . . . . . . . . . . . 0.1 hrs |
| 28 | | |

11

January 22, 2018    Correspondence with Michael Sobkowiak . . . . . . . . . . . . . .   0.2 hrs

January 24, 2018    Correspondence with Michael Sobkowiak (0.1), follow up correspondence with J. Bennett Friedman (0.1), correspondence with Gary Gorham (0.1) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   0.3 hrs

January 25, 2018    Review and participate in correspondence with court to set pre setting conference call with Magistrate Judge for settlement conference (0.3), correspondence with Gary Gorham (0.3). . . . . . . . . . . . . . .   0.6 hrs

January 26, 2018    Correspondence with J. Bennett Friedman re additional dates (0.1), correspondence with Gary Gorham (0.1). . . . . . . . . . . . . . .   0.2 hrs

January 30, 2018    Receive and review joint status report in adversary case (BK Dkt. ECF 112) in adversary proceeding) . . . . . . . . . . . . . . . . . . . . . . . .   0.1 hrs

February 1, 2018    Correspondence with J. Bennett Friedman re additional dates for settlement conference (0.1), correspondence with Gary Gorham (0.2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   0.3 hrs

February 2, 2018    Participate in pre setting conference call with Magistrate Judge Standish and J. Bennett Friedman . . . . . . . . . . . . . . . . . . . . .   0.5 hrs

February 6, 2018    Correspondence with J. Bennett Friedman urging him to pick date for settlement conference (0.2), correspondence from court re same (0.1), review correspondence from Friedman selecting date (0.1). . .   0.4 hrs

February 13, 2018   Receive and review notice of disassociation of counsel by plaintiff - New York counsel Lawrence Tofel withdrawing (BK Dkt. ECF 113 in adversary proceeding) (0.1), review other related case dockets (0.2), correspondence with Gary Gorham and Gary Raskin re ▓▓▓▓▓▓▓▓▓▓ (0.2), correspondence with Greg Blue re ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (0.2).. . . . . . . . . . . . . . . . . . . . . . . . . . . .   0.7 hrs

February 25, 2018   Correspondence to J. Bennett Friedman re parameters of settlement conference.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   0.1 hrs

February 26, 2018   Correspondence to J. Bennett Friedman re parameters of settlement conference.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   0.1 hrs

February 28, 2018   Prepare draft of settlement conference letter to Magistrate Judge Standish pursuant to her court order . . . . . . . . . . . . . . . . . . .   2.8 hrs

March 1, 2018        Revisions to draft settlement letter . . . . . . . . . . . . . . . . . . . . 1.1 hrs

March 6, 2018        Correspondence with clients re major revisions to draft (0.2), phone conference with Gary Gorham re ▨▨▨ (0.2). . . . . . . . . . . . . 0.4 hrs

March 7, 2018        ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨ Gorham and correspondence with clients (1.9); ▨▨▨▨▨▨▨▨ Gary Raskin ▨▨▨▨▨▨▨▨ (0.9) and phone conference with Gary Gorham (0.3). 3.1 hrs

March 12, 2018       Correspondence with Michael Sobkowiak re stipulation to extend appeal dates pending settlement conference.. . . . . . . . . . . . . 0.5 hrs

March 14, 2018       Correspondence to clients ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨ (0.2); review correspondence between court and Friedman re possibility Rinde might not be able to appear and a contempt citation if he does not appear at the conference (0.1), correspondence with clients re ▨▨▨▨▨▨▨▨▨ (0.2).. . . . . . . . . . . . . . . . . . . . . . . 0.5 hrs

March 15, 2018       Travel to, attend and participate in court-ordered settlement conference before Magistrate Judge Standish.. . . . . . . . . . . . . . . . . . . . . 7.5 hrs

March 16, 2018       Prepare notice of lien of attorney's fees judgment to file in pending case to lien any Rinde recovery on Akoustis stock certificate . 0.4 hrs

March 19, 2018       Correspondence with Michael Sobkowiak re term of proposed settlement agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 0.5 hrs

April 3, 2018        Correspondence with Michael Sobkowiak re his clients' consideration of settlement proposal and stipulation re briefing schedule (0.3), modification to stipulation (0.1) . . . . . . . . . . . . . . . . . . . . . . . 0.4 hrs

May 4, 2018          Phone conference (0.2) and correspondence with Gary Gorham and Gary Raskin re ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨ (0.3), correspondence to Friedman re settlement (0.3) . . . . . . . . . . 0.8 hrs

May 9, 2018          Review ECF 75 in underlying Crone bankruptcy case and Rinde's proposed purchase of Crone's claims against him (0.3), correspondence with clients re ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨ (0.6) .. 0.9 hrs

May 24, 2018         Correspondence from J Bennett Friedman re settlement (0.1), correspondence with clients re same (0.3), phone conference with Friedman re settlement proposal (0.2), phone conference with Gary

| | | |
|---|---|---|
| 1 | | Gorham re ███████████ (0.3), draft counter proposal (0.2) |
| 2 | | ..  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.1 hrs |
| 3 | May 25, 2018 | Phone conferences with Gary Gorham re ███████ (0.3), revise |
| 4 | | counter proposal (0.2), phone conference with Gorham re ████ (0.2), |
| 5 | | correspondence from Gary Raskin re ██████████ (0.2), correspondence to J. Bennett Friedman with counterproposal (0.2) |
| 6 | | ..  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.1 hrs |
| 7 | May 29, 2018 | Correspondence from J. Bennett Friedman to schedule phone call to |
| 8 | | discuss counterproposal (0.1), correspondence with clients re ████ (0.2), phone conference with Friedman (0.2), prepare for settlement |
| 9 | | conference and review previously submitted materials (0.4).. 0.9 hrs |
| 10 | May 30, 2018 | Travel to and attend second settlement conference (2.1), review minutes |
| 11 | | of aborted settlement conference published by court (0.1), correspondence with clients re ██████████ (0.3), correspondence |
| 12 | | with David Goodrich trustee's attorney re lien of Rinde and CKR's |
| 13 | | proceeds from Akoustis stock (0.4) . . . . . . . . . . . . . . . . . . . . . 2.9 hrs |
| 14 | June 18, 2018 | Travel to and attend third settlement conference ..  . . . . . . . . . 3.7 hrs |
| 15 | June 20, 2018 | Correspondence with Greg Blue re ████████████████ |
| 16 | | ██████████████ (0.2), phone conferences with Blue (0.3) . 0.5 hrs |
| 17 | June 21, 2018 | Review correspondence with J. Bennett Friedman requesting additional |
| 18 | | stipulated extension to briefing schedule (0.3), correspondence with |
| 19 | | clients re ████ (0.3), review and execute draft stipulation (0.1) ..  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 0.7 hrs |
| 20 | | |
| 21 | June 27, 2018 | Correspondence with J. Bennett Friedman re settlement . . . . 0.2 hrs |
| 22 | July 13, 2018 | Correspondence with client re status of settlement discussions.0.2 hrs |
| 23 | July 16, 2018 | Correspondence with J. Bennett Friedman re withdrawing his prior |
| 24 | | settlement offer (0.3), correspondence with clients re ████ (0.1), phone conference with clients re ████████████ (0.3) |
| 25 | | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 0.7 hrs |
| 26 | July 26, 2018 | Correspondence with J. Bennett Friedman re dismissing appeal for |
| 27 | | waiver of costs (0.2), correspondence with clients re ████ (0.1), phone conferences with client (0.4) . . . . . . . . . . . . . . . . . . . . . . . . 0.7 hrs |
| 28 | | |

| | | |
|---|---|---|
| July 27, 2018 | Review appellants' dismissal of appeal (0.1), legal research on right to attorney's fees and costs upon dismissal of appeal of attorney's fees order (3.6 hrs), correspondence to clients (0.3) phone conference with Gary Gorham (0.2), phone conference with Gary Raskin (0.1). | 4.3 hrs |
| July 28, 2018 | Prepare conditional acquiescence to dismissal . . . . . . . . . . . | 2.0 hrs |
| August 5, 2018 | Prepare motion for appellate attorney's fees and costs with supporting declaration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2.2 hrs |

(Redactions were made to preserve attorney-client confidentiality. Gary Raskin is Mr. Gorham's law partner. Greg Blue is New York co-counsel.)

6.     In my opinion, all of the time set forth above was reasonably necessary to Mr. Gorham's representation on appeal, which included extensive negotiations and three settlement conferences before Magistrate Judge Gail J. Standish. Mr. Gorham and I took our obligations to negotiate in good faith and to participate in the settlement conferences seriously and prepared for each of them. As to the settlement conference scheduled for May 30, 2018, plaintiff-appellant Rinde (an attorney and also the principal of plaintiff-appellant CKR Global Advisors, Inc.) failed to appear. Magistrate Judge Standish issued an order following that conference which provided, in part, as follows:

> The Court orders that all parties, and specifically Appellant Jeffrey A. Rinde, shall personally appear at the further settlement conference. A further failure to appear by Mr. Rinde without good cause shown and approved by the Court will result in sanctions for violation of a court order.

Minute Order, ECF 23.

7.     In addition to the time set forth above, Mr. Gorham incurred costs of $302. Of this amount $240 was paid to Echo Reporting and was the cost of the transcripts of Bankruptcy Court hearings on July 25, 2017, September 12, 2017 and October 17, 2017, all of which had been designated as part of the record on appeal

15

by appellants in BK ECF 104.  Mr. Gorham incurred a charge of $30 from ALSSI, my firm's attorney service, on March 13, 2018, for messengering a courtesy copy of appellee's settlement letter to Magistrate Judge Standish per her order.  Finally, $32 was spent on parking for the three settlement conferences on March 15, 2018, May 30, 2018 and June 18, 2018.

8.      I further anticipate that another 7 hours will be spent in reviewing appellants' opposition, preparing appellee's reply and attending the hearing on the motion in Santa Ana.

9.      Although the within motion is categorically exempt from the conference of counsel requirements of Local Rule 7-3 under Local Rule 16-12(e), as a best practice prior to filing this motion I contacted counsel for appellants on August 1, 2018, outlined appellee's legal and factual positions in detail in an email, set forth my attorney's fees and costs as of that time and sought to meet and confer with appellants' counsel. Mr. Friedman and I briefly conferred and were unable to resolve the matter. I have not included any of that time in the motion nor do I seek compensation therefor.

I declare, under penalty of perjury under the laws of the United States that this declaration is executed this 5th day of August 2018 at Los Angeles, California.


                                        /s/ *Scott J. Tepper*
                                        SCOTT J. TEPPER